## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## JONESBORO DIVISION

DELORIS SUMPTER                                                    PLAINTIFF

v.                                     No. 3:14-cv-229-DPM

CRITTENDEN HOSPITAL
ASSOCIATION, ET AL.                                              DEFENDANTS


RHONDA MICHELLE GOODFELLOW,
on behalf of herself and all similarly situated
persons                                                            PLAINTIFF

v.                                     No. 3:14-cv-226-DPM

EUGENE K. CASHMAN, JR., ET AL.                    DEFENDANTS

### ORDER

The Court held another status conference on 21 January 2015.  The stay
has served its purpose.  Here's the schedule.  A consolidated amended
complaint is due by 9 February 2015.  The stay will dissolve on 10 February
2015.  Defendants must answer or otherwise respond by 11 March 2015.
Formal discovery can start after that date.  The motion for class certification,
or a stipulation, is due by 30 June 2015.  Phase 1 discovery, focusing on class
issues and the merits, will end on 18 September 2015.  The Court will hold
another status conference in August or September.  Trial is set for 8 February

2016.   A Final Scheduling Order will issue.   An amended Order with all pretrial deadlines will issue after the Court sees where the case stands in September.   The Court approves the proposed protective Orders with a few changes.   See attached.

So Ordered.

_DP Marshall Jr._

D.P. Marshall Jr.
United States District Judge
_21 January 2015_

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

*DPM Edit on 21 January 2015*

DELORIS SUMPTER, ET AL.,                )
                                        )
        Plaintiff,                      )
                                        )
v.                                      )   Case No. 3:14-cv-00229-DPM
                                        )
CRITTENDEN HOSPITAL ASSOCIATION,        )   *Removed from the Circuit Court*
GENE CASHMAN, DAVID RAINES, BRAD        )   *of Crittenden County, Arkansas,*
MCCORMICK, CIGNA HEALTH AND LIFE        )   *No. CV-2014-303*
INSURANCE CO. AND CIGNA CORPORATION,    )
                                        )
        Defendants.                     )
_____

RHONDA MICHELLE GOODFELLOW,             )
on behalf of herself and all similarly situated )
persons,                                )
                                        )
        Plaintiffs,                     )
                                        )
v.                                      )   Case No. 3:14-cv-00226-DPM
                                        )
EUGENE K. CASHMAN, JR.; JAMIE R.        )
CARTER, JR.; DAVID G. BAYTOS;           )
DAVID RAINES, JR.; W. BRAD              )
MCCORMICK; JASON W. COLLARD;            )
HERSCHEL F. OWENS; ANDREW               )
LUTTRELL; DONNA B. LANIER;              )
CAROL C. MCCORMACK; KEITH M.            )
INGRAM; RANDALL CATT; DAVID             )
FORD; THOMAS F. DONALDSON, JR.;         )
WILLIAM JOHNSON; LANNIE L.              )
LANCASTER; JULIO P. RUIZ; SHERRY        )
L. LONDON; NESS S. SECHREST;            )
RANDY R. SULLIVAN; LEVEN                )
WILLIAMS; SIMPLIFI HEALTH               )
BENEFIT MANAGEMENT, LLC; and            )
CIGNA HEALTH AND LIFE                   )
INSURANCE COMPANY,                      )
                                        )
        Defendants.                     )
_____

## AGREED CONFIDENTIALITY ORDER

The parties have agreed to the terms of this Order, and the Court finds it appropriate and in accordance with Federal Rule of Civil Procedure ("FRCP") 26(c).  Therefore, the Court orders as follows:

1.      **Scope**.  All materials that are produced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived from the foregoing materials (collectively "documents"), are governed by this Order to the extent they are designated Confidential Information by the producing party.

2.      **Confidential Information**.  As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL" by the producing party that falls within one or more of the following categories:  (a) information whose disclosure is prohibited or restricted by statute or regulation; (b) information that reveals trade secrets, including proprietary information and documents covered by FRCP 26(c)(1)(G); (c) research, technical, commercial or financial information that the party has maintained as confidential, including documents related to nonpublic financial forecasts, sales, pricing, premiums, fees, commissions, and revenues; (d) personal identity information; (e) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (f) personnel or employment records of a person who is not a party to the case.  Information or documents that are available to the public may not be designated as Confidential Information.

3.      **Designation**.

(a)      A party may designate a document or material as Confidential Information for protection under this Order by affixing the words "CONFIDENTIAL" on the document and on all copies in a manner that will not interfere with the legibility of the document.  "Copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the

2

Confidential Information.  The marking "CONFIDENTIAL" shall be applied before or at the time of the documents are produced or disclosed.  Applying the marking "CONFIDENTIAL" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.  Any copies that are made of any documents marked "CONFIDENTIAL" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

        **(b)**    The designation of a document as Confidential Information is a certification by an attorney or a party appearing *pro se* that the document contains Confidential Information as defined in this order.

        4.    **Depositions.**  Any deposition testimony taken in this case shall not be treated as Confidential Information or entitled to protection under this order unless the party seeking to have deposition testimony treated as Confidential Information does the following:  If during the course of a deposition a witness is shown protected information or is asked about protected information, within ~~a reasonable time~~ thirty calendar days after receiving the transcript, any party can designate certain pages/exhibits as Confidential Information, subject to the same procedure herein for designation of Confidential Information.  The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information, unless otherwise ordered by the Court.

        5.    **Protection of Confidential Material.**

        **(a)**    **General Protections**.  Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph

(b) for any purpose whatsoever other than in this litigation, including any appeal. Confidential Information may not be used for any commercial purpose (aside from prosecuting or defending against the claims in this action) or for the purpose of obtaining clients or developing business. This Order does not restrict a party's use of its own Confidential Information.

       **(b)**    **Limited Disclosures**.  The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(9).  Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

    **(1)**    **Counsel**.  Counsel for the parties and employees of counsel who have responsibility for the action;

    **(2)**    **Employees of a Party**.  Individual employees of a party to the extent counsel for the receiving party determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

    **(3)**    **The Court and its personnel**;

    **(4)**    **Court Reporters and Recorders**.  Court reporters and recorders engaged for depositions;

    **(5)**    **Contractors**.  Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

    **(6)**    **Consultants and Experts**.  Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

    **(7)**    **Witnesses at depositions**.  During their depositions, witnesses in this action to whom disclosure is reasonably necessary.  Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information

pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(8)     **Author or recipient**. The author or recipient of the document (not including a person who received the document in the course of litigation); and

(9)     **Others by Consent**. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

(c)     **Control of Documents**. Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

6.      **Inadvertent Failure to Designate**. An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document; but a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is ~~subsequently~~ later designated Confidential Information.

7.      **Filing of Confidential Information**. This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as

Confidential Information in connection with a motion, brief or other submission to the Court must seek Court approval for the sealed filing.

**8.** **No Greater Protection of Specific Documents**.  Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

**9.** **Challenges by a Party to Designation as Confidential Information**.  The designation of any material or document as Confidential Information is subject to challenge by any party.  The following procedure shall apply to any such challenge.

(a)  **Meet and Confer**.  A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party.  In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation.  The designating party must respond to the challenge within five (5) business days.

(b)  **Judicial Intervention**.  A party that elects to challenge a confidentiality designation may file ~~and serve a motion that identifies the challenged material and sets forth in~~ *a joint report pursuant to the Court's Scheduling Order.* ~~detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied wi~~th the meet-and-confer requirements of this procedure.  The burden of persuasion in any ~~such~~ challenge proceeding shall be on the designating party.  Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

**10.** **Action by the Court**. Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

**11.** **Use of Confidential Documents or Information at Trial**. Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

**12.** **Confidential Information Subpoenaed or Ordered Produced in Other Litigation**.

    **(a)** If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

    **(b)** The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c)     The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued.  The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information produced by the other party to this case.

13.     **Obligations on Conclusion of Litigation**.

(a)     **Order Continues in Force**.  Unless otherwise agreed or ordered, this Order shall remain in force for one year after dismissal or entry of final judgment not subject to further appeal. Thereafter, this Order shall be a contract between the signatories.

(b)     **Obligations at Conclusion of Litigation**.  Within 60 days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL" under this Order, including copies as defined in ¶ 3(a), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return;[1] or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

---

[1]  The parties may choose to agree that the receiving party shall destroy documents containing Confidential Information and certify the fact of destruction, and that the receiving party shall not be required to locate, isolate and return e-mails (including attachments to e-mails) that may include Confidential Information, or Confidential Information contained in deposition transcripts or drafts or final expert reports.

      **(c)**     **Retention of Work Product and one set of Filed Documents**. Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

      **14.**    **Order Subject to Modification**. This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

      **15.**    **No Prior Judicial Determination**. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential is entitled to protection under this Order.

      **16.**    **Persons Bound**. This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

*So Ordered*.

Dated:                       _____

                                    **Hon. D.P. Marshall Jr.**
                                    **United States District Judge**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

DELORIS SUMPTER, ET AL.,                               )
                                                       )
     Plaintiff,                                    )
                                                       )
v.                                                     )   Case No. 3:14-cv-00229-DPM
                                                       )
CRITTENDEN HOSPITAL ASSOCIATION,                       )   *Removed from the Circuit Court*
GENE CASHMAN, DAVID RAINES, BRAD                       )   *of Crittenden County, Arkansas,*
MCCORMICK, CIGNA HEALTH AND LIFE                       )   *No. CV-2014-303*
INSURANCE CO. AND CIGNA CORPORATION,                   )
                                                       )
     Defendants.                                   )

_____

RHONDA MICHELLE GOODFELLOW,                             )
on behalf of herself and all similarly situated        )
persons,                                               )
                                                       )
     Plaintiffs,                                   )
                                                       )
v.                                                     )   Case No. 3:14-cv-00226-DPM
                                                       )
EUGENE K. CASHMAN, JR.; JAMIE R.                       )
CARTER, JR.; DAVID G. BAYTOS;                          )
DAVID RAINES, JR.; W. BRAD                             )
MCCORMICK; JASON W. COLLARD;                           )
HERSCHEL F. OWENS; ANDREW                              )
LUTTRELL; DONNA B. LANIER;                             )
CAROL C. MCCORMACK; KEITH M.                           )
INGRAM; RANDALL CATT; DAVID                            )
FORD; THOMAS F. DONALDSON, JR.;                        )
WILLIAM JOHNSON; LANNIE L.                             )
LANCASTER; JULIO P. RUIZ; SHERRY                       )
L. LONDON; NESS S. SECHREST;                           )
RANDY R. SULLIVAN; LEVEN                               )
WILLIAMS; SIMPLIFI HEALTH                              )
BENEFIT MANAGEMENT, LLC; and                           )
CIGNA HEALTH AND LIFE                                  )
INSURANCE COMPANY,                                     )
                                                       )
     Defendants.                                   )

_____

**ATTACHMENT A -- ACKNOWLEDGMENT**
**AND**
**AGREEMENT TO BE BOUND**

  The undersigned hereby acknowledges that he/she has read the Confidentiality Order

dated _____ in the above-captioned action and attached hereto,

understands the terms thereof, and agrees to be bound by its terms.  The undersigned submits to

the jurisdiction of the Eastern District of Arkansas in matters relating to the Confidentiality

Order and understands that the terms of the Confidentiality Order obligate him/her to use

materials designated as Confidential Information in accordance with the Order solely for the

purposes of the above-captioned action, and not to disclose any such Confidential Information to

any other person, firm or concern.

  The undersigned acknowledges that violation of the Confidentiality Order may result in

penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

       _____

       _____

Date: _____  _____
         Signature

*DPM Edit on 21 January 2015*

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### JONESBORO DIVISION

| | | |
|---|---|---|
| **DELORIS SUMPTER, ET AL.,** | ) | |
| | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:14-cv-00229-DPM** |
| | ) | |
| **CRITTENDEN HOSPITAL ASSOCIATION,** | ) | *Removed from the Circuit Court* |
| **GENE CASHMAN, DAVID RAINES, BRAD** | ) | *of Crittenden County, Arkansas,* |
| **MCCORMICK, CIGNA HEALTH AND LIFE** | ) | *No. CV-2014-303* |
| **INSURANCE CO. AND CIGNA CORPORATION,** | ) | |
| | ) | |
|     **Defendants.** | ) | |

| | | |
|---|---|---|
| **RHONDA MICHELLE GOODFELLOW,** | ) | |
| **on behalf of herself and all similarly situated** | ) | |
| **persons,** | ) | |
| | ) | |
|     **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:14-cv-00226-DPM** |
| | ) | |
| **EUGENE K. CASHMAN, JR.; JAMIE R.** | ) | |
| **CARTER, JR.; DAVID G. BAYTOS;** | ) | |
| **DAVID RAINES, JR.; W. BRAD** | ) | |
| **MCCORMICK; JASON W. COLLARD;** | ) | |
| **HERSCHEL F. OWENS; ANDREW** | ) | |
| **LUTTRELL; DONNA B. LANIER;** | ) | |
| **CAROL C. MCCORMACK; KEITH M.** | ) | |
| **INGRAM; RANDALL CATT; DAVID** | ) | |
| **FORD; THOMAS F. DONALDSON, JR.;** | ) | |
| **WILLIAM JOHNSON; LANNIE L.** | ) | |
| **LANCASTER; JULIO P. RUIZ; SHERRY** | ) | |
| **L. LONDON; NESS S. SECHREST;** | ) | |
| **RANDY R. SULLIVAN; LEVEN** | ) | |
| **WILLIAMS; SIMPLIFI HEALTH** | ) | |
| **BENEFIT MANAGEMENT, LLC; and** | ) | |
| **CIGNA HEALTH AND LIFE** | ) | |
| **INSURANCE COMPANY,** | ) | |
| | ) | |
|     **Defendants.** | ) | |

## AGREED QUALIFIED HIPAA-PROTECTIVE ORDER

The parties have agreed to the terms of this Order, and the Court finds it appropriate and in accordance with the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") (Pub.L. 104–191, 110 Stat. 1936).   Therefore, the Court orders as follows:

1.    **HIPAA.**   The parties desire to ensure the privacy of medical information, medical records, demographic information, and financial information relating to participants and beneficiaries (collectively, "members") of the health benefits plan ("the Plan") established by the Crittenden Hospital Association ("CHA").   The Plan is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*   Patient Health Information, as defined below, will be designated, in the producing party's discretion, as "Confidential PHI" under this Order.

(a)    **Patient Health Information.**   Patient Health Information includes "health information," "individually identifiable health information," and "protected health information," as those phrases are defined in HIPAA, 45 C.F.R. § 160.103.   Patient Health Information includes, but is not limited to:

i.      information that: 1) identifies or reasonably could be expected to identify an individual; and 2) relates to a) the past, present, or future physical or mental health or condition of an individual; b) the provision of health care to an individual; or c) the past, present, or future payment for the provision of health care to an individual.

ii.     medical bills, claims forms, data on claims submitted by health facilities and professionals, charge sheets, medical records, medical charts, test results, notes, dictation, invoices, itemized billing statements, remittance advice forms, explanation of benefits, checks, notices, and requests, and all notes, summaries, compilations, extracts, abstracts or oral communications that are based on or derived from Patient Health Information.

iii.    the information referred to in 45 C.F.R. § 164.514(b), including, but not limited to:   name; address; names of relatives; name of employers; all

2

elements of dates; telephone numbers; fax numbers; electronic mail addresses; social security numbers; medical record numbers; health plan beneficiary numbers; account numbers; certificate/license numbers; Internet Protocol (IP) address numbers; biometric identifiers; full face photographic images; or any other unique identifying numbers, characteristic, or code of any patient.

(b)     **Authorization for Covered Entities to Disclose Protected Health Information.**  Pursuant to 45 C.F.R. § 164.512(e)(1)(i), the Court authorizes each party and its, his, or her counsel to release to the other parties and their counsel Patient Health Information relating to members of the Plan.  Counsel of record for the parties, and any "covered entities," as that term is defined in 45 C.F.R. §160.103, are hereby authorized to receive, subpoena, disclose, and transmit such Patient Health Information as long as it is designated "Confidential PHI" subject to this Order.

(c)     **HIPAA-Qualified Protective Order.**  The parties are prohibited from using Patient Health Information under this Order for any purpose other than this litigation and will be required to return any such information at the end of the litigation, upon request of the producing party.  All Patient Health Information produced in this action shall remain subject to the terms of this order after the termination of the litigation, absent contrary order by the Court.

2.     **Protection of Confidential Material**.

(a)     **General Protections**.  Patient Health Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal.  Patient Health Information may not be used for any commercial purpose (aside from prosecuting or defending against the claims in this action) or for the purpose of obtaining clients or developing business. This Order does not restrict a party's use of its own Patient Health Information.

3

(b)     **Limited Disclosures**.  The parties and counsel for the parties shall not disclose or permit the disclosure of any Patient Health Information to any third person or entity except as set forth in subparagraphs (1)-(9).  Subject to these requirements, the following categories of persons may be allowed to review Patient Health Information:

(1)     **Counsel**.  Counsel for the parties and employees of counsel who have responsibility for the action;

(2)     **Employees of a Party**.  Individual employees of a party to the extent counsel for the receiving party determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

(3)     **Plaintiffs**.  An individual plaintiff may review Patient Health Information relating to that individual plaintiff; counsel for plaintiffs may not disclose to an individual plaintiff Protected Health Information that relates to other persons;

(4)     **The Court and its personnel;**

(5)     **Court Reporters and Recorders**.  Court reporters and recorders engaged for depositions;

(6)     **Contractors**.  Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(7)     **Consultants and Experts**.  Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(8)     **Witnesses at depositions**.  During their depositions, witnesses in this action to whom disclosure is reasonably necessary.  Witnesses shall not retain a copy of documents containing Patient Health Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts.  Pages of transcribed deposition testimony or exhibits to depositions that are designated as Patient Health Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

**(9)**    **Author or recipient**.  The author or recipient of the document (not including a person who received the document in the course of litigation); and

**(10)**    **Others by Consent**.  Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

**(c)**    **Control of Documents**.  Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Patient Health Information.  Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

**3.**    **Obligations on Conclusion of Litigation**.

**(a)**    **Order Continues in Force**.  Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

**(b)**    **Obligations at Conclusion of Litigation**.  Within 60 days after dismissal or entry of final judgment not subject to further appeal, all Patient Health Information and documents marked "Confidential PHI" under this Order, including copies, electronic images, duplicates, extracts, summaries or descriptions that contain the Patient Health Information, shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return;[1] or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

_____

[1]   The parties may choose to agree that the receiving party shall destroy documents containing Patient Health Information and certify the fact of destruction, and that the receiving party shall not be required to locate, isolate and return e-mails (including attachments to e-mails) that may include Patient Health Information, or Patient Health Information contained in deposition transcripts or drafts or final expert reports.

(c)      **Retention of Work Product and one set of Filed Documents**. Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Patient Health Information so long as that work product does not duplicate verbatim substantial portions of Patient Health Information, and (2) one complete set of all documents filed with the Court including those filed under seal.  Any retained Patient Health Information shall continue to be protected under this Order.  An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Patient Health Information.

4.      **Order Subject to Modification**.  This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

5.      **Persons Bound**.  This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

*So Ordered*.


Dated:                          _____

                                **Hon. D.P. Marshall Jr.**
                                **United States District Judge**

6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| DELORIS SUMPTER, ET AL., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Case No. 3:14-cv-00229-DPM** |
| | ) | |
| CRITTENDEN HOSPITAL ASSOCIATION, | ) | *Removed from the Circuit Court* |
| GENE CASHMAN, DAVID RAINES, BRAD | ) | *of Crittenden County, Arkansas,* |
| MCCORMICK, CIGNA HEALTH AND LIFE | ) | *No. CV-2014-303* |
| INSURANCE CO. AND CIGNA CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

_____

| | |
|---|---|
| RHONDA MICHELLE GOODFELLOW, | ) |
| on behalf of herself and all similarly situated | ) |
| persons, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| EUGENE K. CASHMAN, JR.; JAMIE R. | ) |
| CARTER, JR.; DAVID G. BAYTOS; | ) |
| DAVID RAINES, JR.; W. BRAD | ) |
| MCCORMICK; JASON W. COLLARD; | ) |
| HERSCHEL F. OWENS; ANDREW | ) |
| LUTTRELL; DONNA B. LANIER; | ) |
| CAROL C. MCCORMACK; KEITH M. | ) |
| INGRAM; RANDALL CATT; DAVID | ) |
| FORD; THOMAS F. DONALDSON, JR.; | ) |
| WILLIAM JOHNSON; LANNIE L. | ) |
| LANCASTER; JULIO P. RUIZ; SHERRY | ) |
| L. LONDON; NESS S. SECHREST; | ) |
| RANDY R. SULLIVAN; LEVEN | ) |
| WILLIAMS; SIMPLIFI HEALTH | ) |
| BENEFIT MANAGEMENT, LLC; and | ) |
| CIGNA HEALTH AND LIFE | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendants. | ) |

**Case No. 3:14-cv-00226-DPM**

_____

**ATTACHMENT A -- ACKNOWLEDGMENT**
**AND**
**AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Agreed Qualified HIPAA Protective Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms.  The undersigned submits to the jurisdiction of the Eastern District of Arkansas in matters relating to the Order and understands that the terms of the Order obligate him/her to use materials designated as Confidential PHI in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential PHI to any other person, firm or concern.

The undersigned acknowledges that violation of the Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____    _____
                                              Signature

2