## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## JONESBORO DIVISION

| | | |
|---|---|---|
| DELORIS SUMPTER, ET AL., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:14-cv-00229-DPM |
| | ) | |
| CRITTENDEN HOSPITAL ASSOCIATION, | ) | *Removed from the Circuit Court* |
| GENE CASHMAN, DAVID RAINES, BRAD | ) | *of Crittenden County, Arkansas,* |
| MCCORMICK, CIGNA HEALTH AND LIFE | ) | *No. CV-2014-303* |
| INSURANCE CO. AND CIGNA CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| RHONDA MICHELLE GOODFELLOW, | ) | |
| on behalf of herself and all similarly situated | ) | |
| persons, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 3:14-cv-00226-DPM |
| | ) | |
| EUGENE K. CASHMAN, JR.; JAMIE R. | ) | |
| CARTER, JR.; DAVID G. BAYTOS; | ) | |
| DAVID RAINES, JR.; W. BRAD | ) | |
| MCCORMICK; JASON W. COLLARD; | ) | |
| HERSCHEL F. OWENS; ANDREW | ) | |
| LUTTRELL; DONNA B. LANIER; | ) | |
| CAROL C. MCCORMACK; KEITH M. | ) | |
| INGRAM; RANDALL CATT; DAVID | ) | |
| FORD; THOMAS F. DONALDSON, JR.; | ) | |
| WILLIAM JOHNSON; LANNIE L. | ) | |
| LANCASTER; JULIO P. RUIZ; SHERRY | ) | |
| L. LONDON; NESS S. SECHREST; | ) | |
| RANDY R. SULLIVAN; LEVEN | ) | |
| WILLIAMS; SIMPLIFI HEALTH | ) | |
| BENEFIT MANAGEMENT, LLC; and | ) | |
| CIGNA HEALTH AND LIFE | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## AGREED QUALIFIED HIPAA-PROTECTIVE ORDER

The parties have agreed to the terms of this Order, and the Court finds it appropriate and in accordance with the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") (Pub.L. 104–191, 110 Stat. 1936). Therefore, the Court orders as follows:

1. **HIPAA.** The parties desire to ensure the privacy of medical information, medical records, demographic information, and financial information relating to participants and beneficiaries (collectively, "members") of the health benefits plan ("the Plan") established by the Crittenden Hospital Association ("CHA"). The Plan is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* Patient Health Information, as defined below, will be designated, in the producing party's discretion, as "Confidential PHI" under this Order.

(a) **Patient Health Information.** Patient Health Information includes "health information," "individually identifiable health information," and "protected health information," as those phrases are defined in HIPAA, 45 C.F.R. § 160.103. Patient Health Information includes, but is not limited to:

    i.     information that: 1) identifies or reasonably could be expected to identify an individual; and 2) relates to a) the past, present, or future physical or mental health or condition of an individual; b) the provision of health care to an individual; or c) the past, present, or future payment for the provision of health care to an individual.

    ii.    medical bills, claims forms, data on claims submitted by health facilities and professionals, charge sheets, medical records, medical charts, test results, notes, dictation, invoices, itemized billing statements, remittance advice forms, explanation of benefits, checks, notices, and requests, and all notes, summaries, compilations, extracts, abstracts or oral communications that are based on or derived from Patient Health Information.

    iii.    the information referred to in 45 C.F.R. § 164.514(b), including, but not limited to:  name; address; names of relatives; name of employers; all

elements of dates; telephone numbers; fax numbers; electronic mail addresses; social security numbers; medical record numbers; health plan beneficiary numbers; account numbers; certificate/license numbers; Internet Protocol (IP) address numbers; biometric identifiers; full face photographic images; or any other unique identifying numbers, characteristic, or code of any patient.

**(b)     Authorization for Covered Entities to Disclose Protected Health Information.**   Pursuant to 45 C.F.R. § 164.512(e)(1)(i), the Court authorizes each party and its, his, or her counsel to release to the other parties and their counsel Patient Health Information relating to members of the Plan.  Counsel of record for the parties, and any "covered entities," as that term is defined in 45 C.F.R. §160.103, are hereby authorized to receive, subpoena, disclose, and transmit such Patient Health Information as long as it is designated "Confidential PHI" subject to this Order.

**(c)     HIPAA-Qualified Protective Order.**   The parties are prohibited from using Patient Health Information under this Order for any purpose other than this litigation and will be required to return any such information at the end of the litigation, upon request of the producing party.  All Patient Health Information produced in this action shall remain subject to the terms of this Order after the termination of the litigation, absent contrary Order by the Court.

**2.     Protection of Confidential Material.**

**(a)     General Protections.**   Patient Health Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal.  Patient Health Information may not be used for any commercial purpose (aside from prosecuting or defending against the claims in this action) or for the purpose of obtaining clients or developing business. This Order does not restrict a party's use of its own Patient Health Information.

      **(b)**    **Limited Disclosures**.  The parties and counsel for the parties shall not disclose or permit the disclosure of any Patient Health Information to any third person or entity except as set forth in subparagraphs (1)-(9).  Subject to these requirements, the following categories of persons may be allowed to review Patient Health Information:

      **(1)**    **Counsel**.  Counsel for the parties and employees of counsel who have responsibility for the action;

      **(2)**    **Employees of a Party**.  Individual employees of a party to the extent counsel for the receiving party determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

      **(3)**    **Plaintiffs**.  An individual plaintiff may review Patient Health Information relating to that individual plaintiff; counsel for plaintiffs may not disclose to an individual plaintiff Protected Health Information that relates to other persons;

      **(4)**    **The Court and its personnel;**

      **(5)**    **Court Reporters and Recorders**.  Court reporters and recorders engaged for depositions;

      **(6)**    **Contractors**.  Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

      **(7)**    **Consultants and Experts**.  Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

      **(8)**    **Witnesses at depositions**.  During their depositions, witnesses in this action to whom disclosure is reasonably necessary.  Witnesses shall not retain a copy of documents containing Patient Health Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts.  Pages of transcribed deposition testimony or exhibits to depositions that are designated as Patient Health Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

**(9)** **Author or recipient**. The author or recipient of the document (not including a person who received the document in the course of litigation); and

**(10)** **Others by Consent**. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

**(c)** **Control of Documents**. Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Patient Health Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

**3.** **Obligations on Conclusion of Litigation**.

**(a)** **Order Continues in Force**. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

**(b)** **Obligations at Conclusion of Litigation**. Within 60 days after dismissal or entry of final judgment not subject to further appeal, all Patient Health Information and documents marked "Confidential PHI" under this Order, including copies, electronic images, duplicates, extracts, summaries or descriptions that contain the Patient Health Information, shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return;[1] or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

---

[1] The parties may choose to agree that the receiving party shall destroy documents containing Patient Health Information and certify the fact of destruction, and that the receiving party shall not be required to locate, isolate and return e-mails (including attachments to e-mails) that may include Patient Health Information, or Patient Health Information contained in deposition transcripts or drafts or final expert reports.

(c)     **Retention of Work Product and one set of Filed Documents**.
Notwithstanding the above requirements to return or destroy documents, counsel may retain (1)
attorney work product, including an index that refers or relates to designated Patient Health
Information so long as that work product does not duplicate verbatim substantial portions of
Patient Health Information, and (2) one complete set of all documents filed with the Court
including those filed under seal. Any retained Patient Health Information shall continue to be
protected under this Order. An attorney may use his or her work product in subsequent
litigation, provided that its use does not disclose or use Patient Health Information.

4.     **Order Subject to Modification**. This Order shall be subject to modification by
the Court on its own initiative or on motion of a party or any other person with standing
concerning the subject matter.

5.     **Persons Bound**. This Order shall take effect when entered and shall be binding
upon all counsel of record and their law firms, the parties, and persons made subject to this Order
by its terms.

*So Ordered.*

Dated:     23 January 2015

*D.P.Marshall J.*

**Hon. D.P. Marshall Jr.**
**United States District Judge**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

DELORIS SUMPTER, ET AL.,                          )
                                                  )
     Plaintiff,                             )
                                                  )
v.                                                )    Case No. 3:14-cv-00229-DPM
                                                  )
CRITTENDEN HOSPITAL ASSOCIATION,                  )    *Removed from the Circuit Court*
GENE CASHMAN, DAVID RAINES, BRAD                  )    *of Crittenden County, Arkansas,*
MCCORMICK, CIGNA HEALTH AND LIFE                  )    *No. CV-2014-303*
INSURANCE CO. AND CIGNA CORPORATION,              )
                                                  )
     Defendants.                            )

---

RHONDA MICHELLE GOODFELLOW,                        )
on behalf of herself and all similarly situated   )
persons,                                          )
                                                  )
     Plaintiffs,                            )
                                                  )
v.                                                )    Case No. 3:14-cv-00226-DPM
                                                  )
EUGENE K. CASHMAN, JR.; JAMIE R.                  )
CARTER, JR.; DAVID G. BAYTOS;                     )
DAVID RAINES, JR.; W. BRAD                        )
MCCORMICK; JASON W. COLLARD;                      )
HERSCHEL F. OWENS; ANDREW                         )
LUTTRELL; DONNA B. LANIER;                        )
CAROL C. MCCORMACK; KEITH M.                      )
INGRAM; RANDALL CATT; DAVID                       )
FORD; THOMAS F. DONALDSON, JR.;                   )
WILLIAM JOHNSON; LANNIE L.                        )
LANCASTER; JULIO P. RUIZ; SHERRY                  )
L. LONDON; NESS S. SECHREST;                      )
RANDY R. SULLIVAN; LEVEN                          )
WILLIAMS; SIMPLIFI HEALTH                         )
BENEFIT MANAGEMENT, LLC; and                      )
CIGNA HEALTH AND LIFE                             )
INSURANCE COMPANY,                               )
                                                  )
     Defendants.                            )

### ATTACHMENT A -- ACKNOWLEDGMENT
### AND
### AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Agreed Qualified HIPAA

Protective Order dated _____ in the above-captioned action and

attached hereto, understands the terms thereof, and agrees to be bound by its terms.   The

undersigned submits to the jurisdiction of the Eastern District of Arkansas in matters relating to

the Order and understands that the terms of the Order obligate him/her to use materials

designated as Confidential PHI in accordance with the Order solely for the purposes of the

above-captioned action, and not to disclose any such Confidential PHI to any other person, firm

or concern.

The undersigned acknowledges that violation of the Order may result in penalties for

contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____   _____
                                       Signature