IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

YOLANDA GOODMAN,                                        PLAINTIFF
on behalf of herself and all similarly
situated persons

v.                              No. 3:14-cv-229-DPM

CRITTENDEN HOSPITAL ASSOCIATION, INC.;
EUGENE K. CASHMAN, III;  W. BRAD McCORMICK;
CIGNA HEALTH AND LIFE
INSURANCE CO.;  JAMIE R. CARTER, JR;
DAVID G. BAYTOS;  DAVID RAINES, JR;
JASON W. COLLARD;  HERSCHEL F. OWENS;
ANDREW LUTTRELL;  KEITH M. INGRAM;
RANDALL CATT;  WILLIAM JOHNSON;
LANNIE L. LANCASTER;  JULIO P. RUIZ;
SHERRY L. LONDON;  NESS S. SECHREST;
RANDY R. SULLIVAN;  and LEVEN WILLIAMS            DEFENDANTS

ORDER

1. The Court certified the following class under Federal Rule of Civil

Procedure 23(b)(1)(A) and (B):

> From 1 January 2012 to 12 September 2014, Plaintiff and all
> similarly situated participants and beneficiaries who were
> included in the Plan, and excluding the defendants, their affiliates
> and families, and the judge in this case and his staff.

№ 103 at 12. In the same Order, the Court appointed Goodman as class

representative and her attorneys of record as class counsel.

**2.** The motion for preliminary approval of the proposed class settlement, № *158*, is granted as modified and with some caveats. The deal is within the range of reasonable ways to resolve this case fairly — depending on the amount of claims received and the exposure to future collection efforts. We'll see at the fairness hearing what the facts are on a full evidentiary record. The Court will hold that hearing at 10:00 a.m. on Wednesday, 25 October 2017 in courtroom 324 of the E.C. "Took" Gathings Federal Building in Jonesboro. The Court will address the fairness of the proposed settlement and the fee dispute in one hearing.

**3.** The Court adopts the following schedule.

| | | |
|---|---|---|
| • | Notice mailed and publication begins | 26 April 2017 |
| • | CAFA notice provided | 28 April 2017 |
| • | Motion for attorney's fees filed | 19 May 2017 |
| • | Attorney's fees motion and supporting papers posted on website | 24 May 2017 |
| • | Deadline for final newspaper publication | 24 May 2017 |
| • | Claim period ends | 26 June 2017 |
| • | Objection deadline | 26 June 2017 |
| • | Proof of CAFA compliance filed | 31 August 2017 |

- Final report of claims filed     31 August 2017

- Notice of hearing appearances
delivered     15 September 2017

- Supplemental objections based on
final claims report due     15 September 2017

- Pre-hearing information sheets (listing
exhibits, witnesses, and appearing
objectors) and hearing briefs
(twenty-page limit) filed     29 September 2017

- Report on supplemental objections
filed     29 September 2017

- Motion and supporting papers for
final approval filed     29 September 2017

- Hearing exhibits delivered to Court     13 October 2017

- Fairness/fees hearing     25 October 2017

**4.** Here are the modifications and caveats. They're designed to ensure adequate notice to class members, provide adequate opportunity for objections, and conform the proposed agreement to governing law.

- In the circumstances presented, though he's still among class counsel, Denny Sumpter is not barred from objecting to the proposed settlement on behalf of Goodman or other class members. His objections, № *159*, are—to the extent

-3-

not addressed in this Order — overruled without prejudice as premature.

- To maximize the chances of reaching class members, the settlement administrator needs to do a bit more.

  - There should be two re-mailings of any returned mail.

  - The newspaper notice should be published on a Wednesday, a Saturday, and another Wednesday. This will cover what is usually the largest circulation day (Wednesday) and a day when folks may have more time to read it.

  - The newspaper notice should be published in the first section, with the news, not in the want ads.

- The notices need tweaking.

  - All references to the settlement should be to the "proposed settlement."

  - Add a § 6 (mailer version), and an echoing § 3 (publication version), that lists all important deadlines and dates in bullet points.

- To give adequate time to correct deficiencies, the cure period for claims, § V, D, ¶ 14, should be thirty (not twenty) days.

- As long as it's cost effective to do so, any remaining settlement funds should be distributed to the class members *pro rata*, instead of to a charity. *In re Bankamerica Corporation Securities Litigation*, 775 F.3d 1060, 1064 (8th Cir. 2015); Principles of Aggregate Litigation § 3.07 (2010). If we get there, the Court will approve any *cy pres* recipient after hearing from the parties and considering the fitness of nominated charitable organizations. *Ibid.*

- Post a copy of this Order on the website.

- Any modifications to the proposed settlement agreement must, at a minimum, be disclosed, filed, and, if material, approved by the Court. *Compare* Fed. R. Civ. P. 23(e)(3), *with* № 158, § I, ¶ 3.

- Section V, D, ¶ 11, which covers how expenses must be documented, appears incomplete. But the claim form

provides good specifics and alternatives, which the Court approves.

• Because the final claims report will contain important information bearing on the proposed settlement's fairness and adequacy, anyone who files a timely objection by 26 June 2017 to the proposed settlement may supplement his or her objection — based solely on the final claims report — by 15 September 2017.

5.   CMM Settlement Solutions, LLC is appointed as the settlement administrator in accordance with the provisions of Sections IV and V of the proposed agreement.   The contact information for the settlement administrator is:

CMM Settlement Solutions
P.O. Box 341303
Memphis, TN 38184
(901) 859-5150

6.  The Court approves for publication the class notice (as modified by this Order) that is attached as Exhibit C to the proposed agreement.  The Court also approves for mailing to the class members the class notice (as modified by this Order) that is attached as Exhibit B.

**7.** By 26 April 2017, the settlement administrator must send by first class mail to the last known address of each class member a copy of the modified class notice and the modified claim form in the manner detailed in § V, C, ¶ 6 of the proposed agreement.

**8.** The settlement administrator shall also publish the modified class notice on a Wednesday, a Saturday, and another Wednesday in the first section of Crittenden County's newspaper, *The Evening Times*. The published version of the notice shall occupy at least 1/4 of a page, the bigger the better. The third date of publication shall occur no later than 24 May 2017.

**9.** The Court tentatively concludes that the modified class notices and the modified notice methodology implemented pursuant to the proposed agreement accomplish several goals: (i) constitute the best practicable notice; (ii) are reasonably calculated, under the circumstances, to apprise class members of this case, their rights to remain in the class, to make a claim, and to object to the proposed settlement; (iii) are reasonable and adequate notice to all persons entitled to received notice; and (iv) satisfy due process. The Court will revisit these tentative conclusions after the settlement administrator reports on dissemination and claims.

**10.** The Court directs the settlement administrator to file proof of dissemination of class notice and a comprehensive final report of claims by 31 August 2017.

**11.** The Court approves the claim form, as modified by this Order and with dates inserted.

**12.** Class members will have until 26 June 2017 to postmark and mail claim forms to the settlement administrator. Claim forms postmarked after that date will be untimely.

**13.** All class members are preliminarily enjoined from doing several things: (i) filing, commencing, prosecuting, intervening in, or participating as a plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on, relating to, or arising out of the claims and causes of action, or the facts and circumstances alleged in this case or relating to the released claims (as defined in § VI, C, ¶ 6 of the proposed agreement); and (ii) filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any class members (including by seeking to amend a pending complaint to include

class allegations or seeking class certification in a pending action), based on, relating to, or arising out of the claims and causes of action, or the facts and circumstances relating thereto, asserted or that could have been asserted in this case or the released claims.

**14.** All class members shall be bound by all proceedings, orders, and judgments in this case.

**15.** Any class member may timely object to the fairness, reasonableness, or adequacy of the proposed agreement, the proposed settlement, the requested attorney's fees and expenses, or the proposed named-plaintiff incentive award by 26 June 2017. Any objection should be sent to the settlement administrator. Any objection must contain a short statement with any relevant facts, law, or other evidence. The settlement administrator must include all objections to date in the 31 August 2017 final claims report. The settlement administrator must also note in that report any late objections. Any timely objector may supplement his or her objection based solely on information in the final claims report. Any supplemental objection must be delivered to the settlement administrator and class counsel by 15 September

2017.  Class counsel must file a report of supplemental objections (attaching copies) with the Court by 29 September 2017.

**16.**  Any class member who makes a timely written objection may appear at the fairness hearing, either in person or through counsel.  The class member must deliver to the settlement administrator a notice of intention to appear by 15 September 2017.  Class counsel must list all appearing objectors in their pre-hearing information sheets due on 29 September 2017.

**17.**  The Court directs the settlement administrator to rent a post office box in its name, which will be used for receiving objections, notices of intention to appear, and any other settlement-related communications.  Only the settlement administrator, class counsel, defendants' counsel, and their designated agents shall have access to this post office box, except as otherwise expressly provided in the proposed settlement agreement.

**18.**  The settlement administrator shall promptly furnish class counsel and defendants' counsel with copies of all objections, notices of intention to appear, and other communications that come into its possession, except as otherwise expressly provided in the proposed agreement.

**19.** On 25 October 2017, the Court will hold a hearing on whether to grant final approval of the proposed agreement (the "fairness/fees hearing"). The Court will consider any objections by class members or others and decide on the fairness, reasonableness, and adequacy of the proposed agreement. The Court will also decide whether the proposed agreement — including the release and the attorney's fees — should be finally approved by the Court.

**20.** By 28 April 2017, the settlement administrator shall provide notice of the proposed settlement, the fairness/fees hearing, and this Order to the appropriate state and federal authorities in compliance with the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715. The Court finds that Defendants can satisfy CAFA's notice requirements, 28 U.S.C. § 1715(b), by providing appropriate notice of the proposed agreement to the United States Attorney General and the Attorneys General of the states of Arkansas, Tennessee, and Mississippi. Defendants shall file proof of compliance with CAFA's notice requirements by 31 August 2017.

**21.** Class counsel must file their motion for an award of attorney's fees and expenses by 19 May 2017. The settlement administrator shall post the motion and all supporting papers on the website by 24 May 2017.

**22.** The motion and supporting papers seeking final approval of the proposed agreement must be filed by 29 September 2017.

**23.** The Court recognizes that, pending final Court approval, the parties reserve all of their defenses, claims, and litigation positions as they existed on 21 July 2016, and that any party has the right to withdraw from the proposed agreement under the circumstances set forth in § VIII, ¶1.

**24.** The Court authorizes and directs Defendants to pre-fund the attorney-fee-and-expense award by making an advance payment to class counsel of $50,000. This amount will be used to pay class administration expenses. Defendants will be entitled to a $50,000 credit against any fee/expense award later made by the Court.

**25.** Neither the proposed settlement agreement, nor any of its terms or conditions, nor any of the exhibits, nor any term of this Order, shall be construed as an admission or concession by Defendants of any allegation in this action, of liability, fault, or wrongdoing, or of the appropriateness of the Court's certification Order.

**26.** This Order will become void, and be without prejudice to the rights of the parties, all of whom shall be restored to their respective positions

-12-

concerning the litigation as of 21 July 2016, if : (a) the proposed agreement is not finally approved by the Court;  or (b) any party withdraws from the agreement under § VIII, ¶ 1 of the proposed agreement.

So Ordered.

_DP Marshall Jr._
D.P. Marshall Jr.
United States District Judge

_14 March 2017_