# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

YOLANDA GOODMAN,
on behalf of herself and all similarly
situated persons                                                            PLAINTIFF

v.                              No. 3:14-cv-229-DPM

CRITTENDEN HOSPITAL ASSOCIATION,
INC.; EUGENE K. CASHMAN, III; W. BRAD
McCORMICK; CIGNA HEALTH AND LIFE
INSURANCE CO.; JAMIE R. CARTER, JR.;
DAVID G. BAYTOS; DAVID RAINES, JR.;
JASON W. COLLARD; HERSCHEL F.
OWENS; ANDREW LUTTRELL; KEITH M.
INGRAM; RANDALL CATT; WILLIAM
JOHNSON; LANNIE L. LANCASTER;
JULIO P. RUIZ; SHERRY L. LONDON;
NESS S. SECHREST; RANDY R. SULLIVAN;
and LEVEN WILLIAMS                                                        DEFENDANTS

## ORDER

1. The Court thanks all counsel for their hard work in this case. The arguments made, briefs filed, and exhibits submitted were helpful and appreciated.

2. The Court finds that all required steps have been taken. № 162. Proper notice was given. CAFA was complied with. And the final report of claims was diligently compiled by the class administrator.

**3.** For the reasons stated on the record, the Court approves the proposed settlement with modifications on attorney's fees. The settlement as modified is fair, reasonable, and adequate, as required by Rule 23(e). In reaching this conclusion, the Court considered the strength of the plaintiffs' case, the defendants' financial condition, the complexity of further litigation, and the amount of opposition to the settlement. *Van Horn v. Trickey*, 840 F.2d 604, 607 (8th Cir. 1988).

The settlement, although imperfect, puts money back in the pockets of those who lost it. It used a vigorous claims procedure to ensure that it does so. It prevents further wasting of coverage and mitigates the risks inherent in dealing with a bankrupt defendant. There has also been little opposition to it. Given these circumstances, as well as case's unique complexity, this settlement is the best bet to make the plaintiff class whole. *Keil v. Lopez*, 862 F.3d 685, 693–98 (8th Cir. 2017). The $1,150,000 settlement is therefore approved.

**4.** The Court orders that $153,853.03 be set aside for payment of expenses. Any additional expenses will be subtracted from the attorney's fees on a *pro rata* basis.

**5.** The Court creates a settlement fund of $496,146.97 for the benefit of the class. It is allocated as follows:

- $334,380.07 to pay all approved claims. Any money for approved claims that is not disbursed will revert to the settlement fund;

- $5000 to pay Yolanda Goodman for her services as class representative; and
- The balance, including any money from undisbursable claims, to pay all class members on a *per capita* basis.

6. The Court notes that there was some ambiguity in the proposed settlement about whether the settlement fund balance should flow to the claimants or to all class members. But the parties commendably clarified the meaning at the fairness hearing. The Court agrees. With the consent of all parties, the Court adopts *per capita* distribution to all class members as the better reading of the proposed agreement.

7. The Court modifies the requested attorney's fees, *№ 163 & № 164*, to make them reasonable. Lead class counsel's lodestar proposal was too high and objecting class counsel's one-third of the fund proposal was too low. The Court therefore sustains the objections in part and overrules them in part. *№ 173 & № 176*. All material things considered, a reasonable attorney's fee in this case is $500,000. That number is a bit high when viewed as a percentage of the common fund, while a bit low when viewed as a lodestar. But it ensures a reasonable overall fee for all the lawyers, reflecting both the common fund achieved, as well as an efficient amount of time at northeast Arkansas

rates for the results obtained. *Hensley v. Eckerhart*, 461 U.S. 424, 433–37 (1983); * *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1157 (8th Cir. 1999).

**8.** The fee award should be split amongst class counsel, with eighty-five percent going to lead class counsel and fifteen percent going to objecting class counsel. Each group must apportion their share among themselves.

**9.** The Court retains jurisdiction to oversee the settlement and resolve any issues that might arise under it.

**10.** The Court converts the preliminary injunction, № 162 at 8–9, into a permanent one.

**11.** The claims administrator must post this Order, as well as the accompanying Judgment, on the class website now. Copies of this Order and the accompanying Judgment must be mailed to all class members with the checks.

\* \* \*

The defendants must remit $496,146.97 to the claims administrator and $603,853.03 to Watson Burns, PLLC by 4 December 2017. The claims administrator will oversee disbursement of the settlement fund, including the service award. Class counsel will disburse the attorney's fees and reimburse expenses. Joint report on all disbursements due by 4 January 2018.

---

* This case was in the Court's mind, but the Court forgot to cite it from the bench.

Motion, № 181, granted as modified. The settlement is approved as modified. The case will be dismissed with prejudice.

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

31 October 2017