IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

YOLANDA GOODMAN,
on behalf of herself and all similarly
situated persons                                                                                PLAINTIFF

v.                                        No. 3:14-cv-229-DPM

CRITTENDEN HOSPITAL ASSOCIATION,
INC.; EUGENE K. CASHMAN, III; W. BRAD
McCORMICK; CIGNA HEALTH AND LIFE
INSURANCE CO.; JAMIE R. CARTER, JR.;
DAVID G. BAYTOS; DAVID RAINES, JR.;
JASON W. COLLARD; HERSCHEL F.
OWENS; ANDREW LUTTRELL; KEITH M.
INGRAM; RANDALL CATT; WILLIAM
JOHNSON, JR.; LANNIE L. LANCASTER;
JULIO P. RUIZ; SHERRY L. LONDON;
NESS S. SECHREST; RANDY R. SULLIVAN;
and LEVEN WILLIAMS                                                                         DEFENDANTS

## ORDER

1. The Court notes class counsel's status report, № 199. The results are impressive. Well done. The Court thanks CMM for its diligent work as claims administrator.

2. The Court appreciates class counsel's collaboration and suggestion about a possible *cy pres* distribution.

3. The Court, however, stands by its final Order and Judgment. The undisbursable settlement funds should be distributed to all class

members on a *per capita* basis, if practicable. № 192 at 3; *In re BankAmerica Corporation Securities Litigation*, 775 F.3d 1060 (8th Cir. 2015); *Caligiuri v. Symantec Corporation*, 855 F.3d 860 (8th Cir. 2017). These payments will be modest, but $15 or so per person is pocket money and CMM has solid contact information for almost all class members.

4. We should also plan now for what's likely to happen in this clean-up distribution. Some funds will probably be unclaimed. Here's where counsel's suggestion helps. In its cover letter sending the next distribution, CMM must notify class members that the enclosed check represents a *per capita* share of the unclaimed settlement funds. CMM should also say that it's likely that some part of the settlement funds will remain unclaimed after this distribution. CMM should estimate that amount, based on the administration history, and advise class members of it in the notice letter. CMM should also notify class members that class counsel have suggested donating any remaining settlement funds to Crittenden County solely for use in the new local hospital. And CMM should advise class members that they can object to that potential *cy pres* distribution, suggest an alternative local charitable recipient, or do both by sending a letter or email to CMM by a date certain. Class counsel must file an example of this notice letter, and summarize any responses to it, in its next status report. All these

steps will, the Court concludes, best keep faith with the precedent and the approved settlement terms, plus ready the case for a conclusion.

5. By 30 April 2018, CMM must distribute the $9,203.94 in unclaimed funds to the class members on a *per capita* basis. Status report due by 31 August 2018. In the meantime, CMM must maintain the website and telephone number. This Order should be posted on the website. The Court ends where it began: well done, all around.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

13 April 2018